UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Gregory Banks,<br><br>                                    Plaintiff,<br><br>        -against-<br><br>Experian Information Solutions, Inc.; Trans Union LLC a/k/a TransUnion,<br><br>                                    Defendants. | Civil Action<br>Case No.: 2:25-cv-18766<br><br><br>**COMPLAINT** |

Plaintiff Gregory Banks ("Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his Complaint against the defendants named herein, alleges upon personal knowledge, review of public records, and information and belief, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, by and through his undersigned attorneys, brings this action for monetary damages, equitable relief, and attorneys' fees and costs against Defendants Experian Information Solutions, Inc ("Experian"), and Trans Union LLC a/k/a TransUnion ("TransUnion") (the "Defendants"), arising from their willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), and its implementing Regulation V, 12 C.F.R. Part 1022.

2.      This action arises from Defendants' egregious and persistent failures to comply with federal consumer protection laws following the theft and unauthorized misuse of Plaintiff's identity, which resulted in fraudulent and unauthorized transactions, and high balances on Plaintiff's credit reports.

3.      Despite Plaintiff's diligent efforts to report the identity theft, submit an FTC Identity Theft Report, and dispute the inaccurate and fraudulent information, Defendants failed to

conduct reasonable investigations, failed to correct or delete the inaccurate information, and failed to block information that resulted from identity theft as required under the FCBA.

4. Congress enacted the FCRA to ensure that consumer reporting agencies ("CRAs") and the furnishers of information to CRAs exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy and to the accuracy of information maintained and disseminated about them. 15 U.S.C. § 1681(a)(4).

5. The FCRA imposes strict duties on CRAs to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports and to conduct reasonable reinvestigations of disputed information. 15 U.S.C. §§ 1681e(b), 1681i.

6. The FCRA also mandates that CRAs block the reporting of information identified by a consumer as resulting from identity theft upon receipt of proper notification. 15 U.S.C. § 1681c-2.

7. Defendants' willful and/or negligent disregard for their statutory obligations has directly and proximately caused Plaintiff to suffer significant harm, including severe damage to his creditworthiness and reputation, the continued reporting of large fraudulent balances, the denial of credit, substantial emotional distress, and economic losses.

**PARTIES**

8. Plaintiff is an adult individual residing in Union County, New Jersey. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Experian is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a CRA, as defined by the FCRA, 15 U.S.C. §§ 1681a(f) and 1681a(p).

10. TransUnion is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion is a CRA as defined by the FCRA, 15 U.S.C. §§ 1681a(f) and 1681a(p).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiff resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this district, including the harm suffered by Plaintiff.

## STATEMENT OF FACTS

**A.      The Genesis of the Fraudulent Account.**

13. In or about July 2025, Plaintiff first became aware that his personal identifying information had been compromised after obtaining copies of his consumer credit reports and observing unfamiliar and unauthorized credit activity reported in his name.

14. Upon reviewing his credit reports issued on July 1, 2025 for TransUnion and July 2, 2025 for Experian, Plaintiff discovered an unfamiliar collection tradeline reported by LVNV Funding LLC, identified as an account ending in 517805**** and purportedly associated with Capital One Platinum.

15. The appearance of the account immediately alarmed Plaintiff, as he had never applied for, opened, used, or authorized any credit account with Capital One Platinum, LVNV Funding LLC, or any related or affiliated entity, nor had he authorized any third party to do so on his behalf.

16. According to the reporting of Defendants, the account was listed with a balance of $480 and was presented in a derogatory manner, including being characterized as a collection or "debt buyer account."

17. The reporting falsely suggested that Plaintiff had incurred and failed to satisfy a financial obligation that he never authorized and for which he bore no responsibility.

18. Plaintiff had no prior knowledge of the account, never received billing statements, collection notices, or other correspondence relating to it, and never consented to the use of his personal identifying information for any credit-related purpose in connection with the account.

19. The creation and reporting of the account were the direct result of identity theft and not the result of any action or omission by Plaintiff.

**B. Plaintiff's Discovery of Fraud and Diligent Efforts to Rectify.**

20. After discovering the account appearing on his credit reports, Plaintiff immediately recognized that he had become the victim of identity theft and took prompt steps to investigate, document, and mitigate the unauthorized use of his personal identifying information.

21. In connection with his discovery of the account, Plaintiff prepared and submitted a Federal Trade Commission Identity Theft Report, report No. 189422647 ("FTC Report"), dated July 2, 2025, in which he formally reported that the LVNV Funding LLC account associated with Capital One Platinum, account number ending 517805****, was fraudulent and had been opened without his knowledge or authorization.

22. In the FTC Report, Plaintiff attested under penalty of perjury that he had never opened, applied for, or authorized the account, that the reported balance of $480 was fraudulent, and that the unauthorized reporting had already caused him significant financial harm, including denial of a housing-related credit application.

23.     To invoke his statutory rights under the FCRA, Plaintiff gathered and submitted identity theft documentation, including proof of identity, proof of residence, and the FTC Report, to substantiate that the account was the product of identity theft and did not belong to him.

24.     On July 28, 2025, Plaintiff sent a written Notice of Dispute to Experian, expressly disputing the account, identifying it as identity theft, enclosing his FTC Report and supporting documentation, and unequivocally stating that he had no responsibility for the alleged debt.

25.     On October 6, 2025, Plaintiff sent a written Notice of Dispute to TransUnion, similarly disputing the fraudulent reporting affecting his credit file and enclosing the FTC Report that clearly identified the account as an identity theft–related account.

26.     In his dispute correspondence, Plaintiff requested that Defendants block and delete the account pursuant to 15 U.S.C. § 1681c-2, conduct reasonable reinvestigations under 15 U.S.C. § 1681i, and provide written confirmation that the fraudulent tradeline had been removed from his credit files.

27.     Despite Plaintiff's timely disputes, sworn identity theft documentation, and clear notice that the account was unauthorized, Defendants continued to report the same LVNV Funding LLC tradeline as a collection or debt buyer account associated with Capital One Platinum.

28.     In Plaintiff's subsequent credit reports dated December 2, 2025, Defendants again reported the account with a balance of $480, reflecting that the identity theft–related information had not been blocked or deleted and continued to be reported with a delinquent payment status.

**C.      Defendants' Unlawful Conduct and Continued Harm to Plaintiff.**

29.     Notwithstanding Plaintiff's diligence and the clear documentary evidence he provided, Defendants failed to comply with their respective duties under the FCRA, thereby perpetuating and compounding the harm suffered by Plaintiff.

30. Upon receiving Plaintiff's written disputes and supporting identity theft documentation, Defendants were required to conduct reasonable reinvestigations of the account pursuant to 15 U.S.C. § 1681i and to block the reporting of information resulting from identity theft pursuant to 15 U.S.C. § 1681c-2.

31. Defendants were placed on actual notice that the account was the product of identity theft through Plaintiff's FTC Report dated July 2, 2025, which unequivocally identified the account as fraudulent and unauthorized.

32. Plaintiff further advised Defendants that he had never opened, authorized, or incurred any obligation associated with the account and that any balance reported in connection with it was the result of identity theft.

33. Despite receiving Plaintiff's disputes and the FTC Report, Defendants failed to conduct any reasonable or meaningful reinvestigation into the accuracy, ownership, or legitimacy of the account.

34. Defendants also failed to comply with 15 U.S.C. § 1681c-2(a), which requires consumer reporting agencies to block the reporting of information that resulted from identity theft within four business days of receiving complete identity theft documentation.

35. Instead of blocking the account, Defendants continued to include it in Plaintiff's consumer credit files, falsely representing that Plaintiff was responsible for and delinquent on a legitimate financial obligation he never authorized.

36. Defendants' continued publication of the Account occurred even after Plaintiff invoked his statutory rights, submitted sworn identity theft documentation, and expressly requested that the account be blocked and deleted.

37.    The consumer reports obtained by Plaintiff demonstrate Defendants' ongoing failures to correct or block the Account:

a.  A credit report issued by TransUnion dated July 1, 2025 reported the Account as a derogatory collection tradeline with a reported balance of $480.

b.  A credit report issued by the other Experian dated July 2, 2025 likewise reported the Account as a collection or "debt buyer account" with a reported balance of $480.

c.  After Plaintiff submitted disputes and identity theft documentation, a subsequent credit report issued by TransUnion dated December 2, 2025 continued to report the Account with a balance of $480, reflecting that the account had not been blocked or deleted.

d.  A corresponding credit report issued by the Experian dated December 2, 2025 again reported the Account as an active collection tradeline with a balance of $480.

38.    These consumer reports falsely conveyed to third parties that Plaintiff was responsible for, delinquent on, and subject to collection activity for a legitimate credit obligation, despite Defendants' knowledge that the Account was disputed as identity theft.

39.    Defendants' conduct further violated 15 U.S.C. § 1681e(b), as they failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff both before and after reinvestigation.

40.    Defendants' continued reporting of the Account caused Plaintiff ongoing and concrete harm, including damage to his credit reputation, loss of credit opportunities, emotional distress, frustration, and anxiety.

41.    Defendants' failure to correct or block the Account after receiving Plaintiff's sworn identity theft documentation demonstrates a reckless disregard for the truth and for Plaintiff's rights under the FCRA.

42.    If any Defendant temporarily blocked the Account and later reinstated or reinserted it, any such reinsertion without prior written notice to Plaintiff would constitute additional

violations of 15 U.S.C. §§ 1681c-2(c) and 1681i(a)(5)(B). Plaintiff never received any written notice of any reinsertion or reversal.

43.    As a direct and proximate result of Defendants' unlawful acts and omissions, Plaintiff has suffered actual damages and continues to face ongoing harm arising from the inaccurate reporting of the Account.

**D.    Damages Suffered by Plaintiff.**

44.    As a direct and proximate result of Defendants' willful and/or negligent violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including injury to his credit reputation, reduced credit scores, loss of creditworthiness, loss of credit opportunities, emotional distress, and out-of-pocket financial losses.

45.    Plaintiff remains burdened by the continued presence of a derogatory tradeline associated with the Account, an account he never opened, authorized, used, or benefitted from.

46.    Defendants' repeated failures to correct or block the false information have caused ongoing harm to Plaintiff's financial reputation.

47.    The continued reporting of the Account by Defendants materially damaged Plaintiff's credit profile.

48.    The inaccurate reporting of the Account as a delinquent collection obligation with a balance of $480 adversely affected Plaintiff's credit standing and diminished his ability to obtain favorable credit terms.

49.    The Account appeared in Plaintiff's first credit reports issued in July 2025 and remained reported without correction in subsequent credit reports dated December 2, 2025, despite Plaintiff's disputes and submission of the FTC Report. The persistence of this inaccurate information impaired Plaintiff's perceived creditworthiness during this period.

50. As a direct and proximate result of Defendants' continued publication of the Account, Plaintiff suffered the loss of credit opportunities, including the denial of a housing-related credit application.

51. Plaintiff sought housing-related financing during the period in which Defendants were reporting the Account as a delinquent collection obligation.

52. Plaintiff was denied credit after prospective lenders reviewed his consumer reports and relied on the inaccurate and identity theft–related information reported by Defendants.

53. This denial constituted a tangible and adverse credit action that caused Plaintiff financial harm, delay in securing housing, and increased stress and uncertainty regarding his living arrangements.

54. Plaintiff would not have suffered this denial but for Defendants' failure to block, delete, or correct the Account after receiving Plaintiff's disputes and the FTC Report.

55. Plaintiff has suffered and continues to suffer significant emotional distress as a result of Defendants' conduct.

56. The stress of being wrongfully associated with a delinquent collection account, combined with Defendants' failure to correct the error after receiving sworn identity theft documentation, caused Plaintiff ongoing anxiety, frustration, loss of sleep, and emotional hardship.

57. Plaintiff experienced particular distress knowing that third parties reviewing his credit reports were falsely led to believe that he had failed to satisfy a legitimate financial obligation, despite Plaintiff being a documented victim of identity theft who acted diligently.

58. Plaintiff expended substantial time and effort attempting to remedy Defendants' errors, including reviewing credit reports, preparing written disputes, gathering identity theft documentation, mailing dispute packages, and monitoring subsequent credit reports.

59.      These efforts imposed a financial and administrative burden on Plaintiff that would not have existed absent Defendants' unlawful conduct.

60.      Plaintiff has also incurred and continues to incur attorneys' fees and litigation-related expenses necessary to enforce his rights under the FCRA, to correct the inaccurate reporting of the Account, and to restore the accuracy of his consumer credit files.

61.      The following table demonstrates the persistence of inaccurate reporting and the resulting harm:

| CRA | Report | Status | Balance | Specific Damage Event |
|---|---|---|---|---|
| TransUnion | July 1, 2025 | Derogatory / Collections | $480 | Negatively impacting Plaintiff's credit, causing ongoing stress and loss of credit opportunities. |
| | Dec. 2, 2025 | Collection tradeline | $480 | Account remained despite dispute. No investigation or correction. |
| Experian | July 2, 2025 | Collection tradeline | $480 | Negatively impacting Plaintiff's credit, causing ongoing stress and loss of credit opportunities. |
| | Dec. 2, 2025 | Collection tradeline | $480 | Account remained despite dispute. No investigation or correction. |

## CAUSES OF ACTION

### COUNT I: Willful Noncompliance With The FCRA Against The Defendants
### (Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)

62.      Plaintiff incorporates by reference each of the preceding paragraphs.

63.      Defendants received Plaintiff's notices of dispute concerning the inaccurate and fraudulent information related to the Account appearing on his consumer reports, along with Plaintiff's identity theft documentation, FTC Report, and supporting evidence.

64.      Pursuant to 15 U.S.C. § 1681i(a), upon receipt of Plaintiff's dispute, Defendants were required to conduct a reasonable reinvestigation to determine the accuracy of the disputed information and either correct or delete the information, or record the current status of the dispute, within thirty (30) days of receiving Plaintiff's dispute.

65.    Defendants failed to conduct a reasonable reinvestigation of Plaintiff's dispute.

66.    A reasonable reinvestigation would have included, at a minimum: (a) thoroughly reviewing all relevant information and documentation submitted by Plaintiff with his dispute, including his sworn identity theft statement, FTC, proof of identity, and proof of residence; (b) promptly notifying the furnisher of information of the dispute and supplying them with all relevant information Plaintiff provided; and (c) requesting from the furnishers of information actual verifying documentation, such as a signed credit application, account-opening records, billing statements, or any other instrument evidencing Plaintiff's authorization or liability for the Account.

67.    Defendants failed to review and consider all relevant information submitted by Plaintiff in connection with his identity theft dispute.

68.    Defendants' failures to delete or correct the inaccurate information, or to accurately record the status of the disputed Account, demonstrate their failure to conduct a reasonable reinvestigation as required by the FCRA.

69.    Defendants' failure to perform a reasonable reinvestigation after receiving Plaintiff's disputes and supporting documentation was willful.

70.    Defendants acted with knowledge of their statutory duties under the FCRA, or in reckless disregard of those duties and Plaintiff's rights, by continuing to publish the Account as a collection debt despite clear and compelling indicia of identity theft.

71.    As a direct and proximate result of the Defendants' willful violations of the FCRA, Plaintiff has suffered actual damages and is entitled to recover actual damages, statutory damages, punitive damages, and his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**COUNT II: Negligent Noncompliance With The FCRA Against The Defendants**
**(Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)**

72.    Plaintiff incorporates by reference each of the preceding paragraphs.

73. Defendants' conduct constituted negligent noncompliance with their duty to conduct a reasonable reinvestigation of disputed information under 15 U.S.C. § 1681i(a).

74. Defendants failed to exercise reasonable care in their reinvestigation process concerning Plaintiff's dispute of the Account.

75. As a direct and proximate result of the Defendants' negligent violations of the FCRA, Plaintiff has suffered actual damages and is entitled to recover such actual damages, along with his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

**COUNT III: Willful Noncompliance With The FCRA Against The Defendants**
**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy -**
**Violation of 15 U.S.C. § 1681e(b))**

76. Plaintiff incorporates by reference each of the preceding paragraphs.

77. Pursuant to 15 U.S.C. § 1681e(b), whenever a CRA prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

78. Defendants, when they prepared consumer reports concerning Plaintiff, including but not limited to those reflected in reports dated July, 2025 and December 2, 2025, failed to follow reasonable procedures to assure maximum possible accuracy of the information.

79. The continued reporting of the Account, which was the result of identity theft and not Plaintiff's obligation, and the reporting of internally inconsistent information regarding said account, demonstrates Defendants' failure to adhere to this statutory mandate.

80. Reasonable procedures would include, inter alia, robust mechanisms to flag, investigate, and resolve accounts identified in FTC Reports and detailed consumer disputes, and to reconcile or correct contradictory information received from furnishers or generated within their own systems.

81.    Defendants' failure to establish or follow such reasonable procedures was willful, representing a knowing failure to comply with its statutory duties or a reckless disregard for the accuracy of the information they compile and disseminate about consumers like Plaintiff.

82.    As a direct and proximate result of Defendants' willful violations of the FCRA, Plaintiff has suffered actual damages and is entitled to recover actual damages, statutory damages, punitive damages, and his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**COUNT IV: Negligent Noncompliance With The FCRA Against Defendants**
**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy -**
**Violation of 15 U.S.C. § 1681e(b))**

83.    Plaintiff incorporates by reference each of the preceding paragraphs.

84.    Defendants' conduct constituted negligent noncompliance with their duty to follow reasonable procedures to assure maximum possible accuracy of information in their consumer reports under 15 U.S.C. § 1681e(b).

85.    Defendants failed to exercise reasonable care in their consumer report preparation and accuracy assurance processes.

86.    As a direct and proximate result of the Defendants' negligent violations of the FCRA, Plaintiff has suffered actual damages and is entitled to recover such actual damages, along with his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

**COUNT VII: Willful Noncompliance With The FCRA Against The CRAs**
**(Failure to Block Identity Theft Information - Violation of 15 U.S.C. § 1681c-2)**

87.    Plaintiff incorporates by reference each of the preceding paragraphs.

88.    Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, no later than four (4) business days after the date of receipt by such agency of: (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report or

police report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information does not relate to any transaction by the consumer.

89.    Plaintiff provided Defendants with all necessary items for an identity theft block under 15 U.S.C. § 1681c-2(a) via his comprehensive submission mailed on July 28, 2025, and October 6, 2025 for Experian and TransUnion respectively.

90.    Defendants willfully failed to timely block the reporting of the information related to the Account within four business days of their receipt of Plaintiff's complete request and documentation.

91.    Alternatively, if Defendants did implement a block, they impermissibly and willfully rescinded such block without proper notification to Plaintiff or a valid basis, as the Account continued to appear on Plaintiff's consumer reports issued by Defendants.

92.    Defendants' failure to block, or their improper rescission of a block, was willful, demonstrating a knowing or reckless disregard for their obligations under 15 U.S.C. § 1681c-2.

93.    As a direct and proximate result of the Defendants' willful violations of the FCRA, Plaintiff has suffered actual damages and is entitled to recover actual damages, statutory damages, punitive damages, and his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**COUNT VII: Negligent Noncompliance With The FCRA Against The Defendants**
**(Failure to Block Identity Theft Information - Violation of 15 U.S.C. § 1681c-2)**

94.    Plaintiff incorporates by reference each of the preceding paragraphs.

95.    Defendants' conduct constituted negligent noncompliance with their duties to block the reporting of information resulting from identity theft under 15 U.S.C. § 1681c-2.

96.    Defendants failed to exercise reasonable care in implementing or maintaining the required block on information related to the Account.

97.     As a direct and proximate result of Defendants' negligent violations of the FCRA, Plaintiff has suffered actual damages and is entitled to recover such actual damages, along with his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally where appropriate, for the following:

I.      Actual damages in an amount to be fully determined at trial, including but not limited to damage to creditworthiness and reputation, financial burden, loss of credit opportunities, and emotional distress, pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

II.     Statutory damages in an amount ranging from $100 to $1,000 for each willful violation of the FCRA, as permitted under 15 U.S.C. § 1681n(a)(1)(A);

III.    Punitive damages in an amount to be determined at trial as may be allowed under 15 U.S.C. § 1681n(a)(2) for Defendants' willful and reckless violations of the FCRA;

IV.     Plaintiff's reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2);

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury on all issues so triable

Dated: Brooklyn, New York
        December 18, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Gregory Banks

*/s/ Steven Amshen*
Steven Amshen, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: SAmshen@petroffamshen.com